(129 So. 37)

### JORDAN et al. v. HOLLIDAY.

### 6 Div. 597.

Supreme Court of Alabama.

May 29, 1930.

Rehearing Denied June 26, 1930.

Wilson Kelley, of Vernon, for appellants.

J. C. Milner and R. G. Redden, both of Vernon, for appellee.

SAYRE, J.

Statutory action of ejectment by appellee against appellants. Plaintiff claimed title as purchaser under a mortgage sale made by himself as assignee of the mortgage. Defendants traced title to the mortgagors. The result was made to turn upon the question whether the debt secured by the mortgage had been paid before the foreclosure. The foreclosure was had on January 3, 1929. The mortgage through which plaintiff claimed had been transferred by W. W. Ogden, the mortgagee, to plaintiff by the following indorsement:

"Transferred to J. M. Holliday for $827.45, 6/21/19. W. W. Ogden—J." And immediately thereunder was the following: "Mortgage executed by J. P. Henderson and wife for $1850.00, recorded in Mortgage Record 66 p. 284 Lamar County, Ala. is satisfied in full. This 26th day of June, 1919. W. W. Ogden, Mortgagee, J." This, it will be observed, was dated after the transfer by Ogden to appellee. Further, one of defendants testified that at one time he had a receipt from plaintiff for the amount of the mortgage due the latter as transferee. But this was explained by plaintiff as having been a part of the transaction by which defendants got a deed from the Hendersons, mortgagors, and to aid defendants therein with the expectation that they would in some form make good; but that arrangement was not consummated, as defendant witness conceded. The other defendant did not testify.

The court was on these facts authorized to deal with the case as one depending upon undisputed facts, and gave the general charge for plaintiff without thereby unjustly affecting any right of defendants.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.